**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| DARREN E. BROWN,           ) | |
| ID # 1569660,                      ) | |
|       Petitioner,            ) | |
| vs.                                         ) | No. 3:13-CV-1181-P (BH) |
|                                                ) | |
| WILLIAM STEPHENS, Director,[1]  ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal    ) | |
| Justice, Correctional Institutions Division, ) | |
|       Respondent.           ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DENIED** with prejudice.

**I.  BACKGROUND**

Darren E. Brown (Petitioner) challenges a disciplinary conviction. The respondent is William Stephens, Director of TDCJ-CID (Respondent).

**A. Factual and Procedural History**

On April 16, 2009, after pleading guilty, Petitioner was convicted of forgery and burglary of a habitation in Cause Nos. 2008-421738 and 2009-422523 in Lubbock County. He was sentenced to ten years' imprisonment in both cases. (Petition "Pet." at 2; *see also* www.tdcj.state.tx.us, search for petitioner). While serving his sentences for his convictions at the Sanders Estes Unit in Venus, Texas, Petitioner was charged with the disciplinary offense of soliciting assistance from a person to violate a TDCJ rule. (Pet. at 5, Response at 2). On September 25, 2012, the disciplinary hearing

---

[1] On June 1, 2013, William Stephens succeeded Rick Thaler as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d) of the Federal Rules of Civil Procedure, Stephens "is automatically substituted as a party."

officer found Petitioner guilty and assessed his punishment at a verbal reprimand, ten days' loss of recreation and commissary privileges, and a reduction in time-earning status. (Pet. at 5; Resp. at 3; Disciplinary Hearing Record "DHR" at 3). Petitioner filed Step One and Step Two grievances challenging this conviction, both of which were denied. (Pet. at 5; Disciplinary Grievance Record "DGR" at 3-6).

B. **Substantive Claims**

On March 14, 2013, Petitioner mailed a federal habeas petition alleging the following grounds for relief:

> –his due process rights were violated at the disciplinary hearing because there was insufficient evidence to support the conviction, and because he was denied substitute counsel, witnesses, and an impartial hearing officer at the hearing; and
>
> –his free speech was denied when this false disciplinary action was filed against him in retaliation for previous grievances he had filed.

(Pet. at 7; Memorandum at 2-11). Respondent filed a response on May 20, 2013, and provided the state court records. Petitioner did not file a reply brief.

## II. ANALYSIS

A. **Due Process Claim**

Petitioner first asserts that his due process rights were violated when he was convicted of a disciplinary infraction. He appears to assert that he is eligible for release on mandatory supervision and therefore has a liberty interest in the loss of good-time credits. (Mem. at 11). If Petitioner is entitled to mandatory supervision under Texas law, due process protections may apply to any loss of his good-time credits. *See Teague v. Quarterman*, 482 F.3d 769, 776–77 (5th Cir. 2007); *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (holding that inmates that are eligible for release on

2

mandatory supervision have a protected liberty interest in the loss of good-time credits). Even assuming for purposes of the petition only that Petitioner had a liberty interest in the loss of good-time credits because he is eligible for release on mandatory supervision, the records submitted by Respondent reflect that Petitioner did not lose any good-time credits due to the disciplinary charges.

Petitioner asserts that he suffered the equivalent of a loss of good-time credits because his time-earning status was dropped from a Line 1 to a Line 2, thereby lowering his ability to earn good-time credits. (Mem. at 11-12). He has no constitutionally protectable property or liberty interest in his classification or the loss of opportunity to accrue good-time credits, however. *Malchi*, 211 F.3d at 959; *see also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). Likewise, the verbal reprimand and commissary and recreation restrictions do not implicate due process concerns because they are not an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Malchi*, 211 F.3d at 959; *see also Hinojosa v. Thaler*, 427 Fed. App'x 354, 355 (5th Cir. June 6, 2011). Petitioner's due process claim should be denied.

**B.     Retaliation Claim**

Petitioner next asserts that his constitutional right to free speech was violated because he received this disciplinary conviction as retaliation for filing previous grievances. To state a retaliation claim, Petitioner must allege: 1) a specific constitutional right; 2) an intent to retaliate against the prisoner for his or her exercise of that right; 3) a retaliatory adverse act; and 4) causation. *Peters v. Quarterman*, 252 Fed. App'x 705, 706 (5th Cir. Oct. 31, 2007), *citing Hair v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). A prisoner must either "produce direct evidence of retaliation" or "allege a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). A prisoner cannot make mere conclusory allegations of

3

retaliation; he must instead assert specific facts. *Whittington v. Lynaugh,* 842 F.2d 818, 820 (5th Cir.1988). A prisoner must allege more than his personal belief that he is the victim of retaliation. *Johnson*, 110 F.3d at 310.

Filing a grievance is a constitutionally protected activity, and a prison official may therefore not retaliate against an inmate for filing one. *Woods*, 60 F.3d at 1164. Assuming that the disciplinary conviction was an "adverse act," Petitioner has not demonstrated either an intent to retaliate or causation because he has not demonstrated that he would not have been disciplined if he had not filed previous grievances. Petitioner was disciplined for fraud because he wrote a letter to a halfway house in which he asked if he could use that address to be released on parole when he had no intent to stay there after he was released. (DHR at 3-6, 13). He does not dispute that he mailed the letter, but merely stated in response to the disciplinary action that he did not have an intent to commit fraud. (DHR at 3, 8). Inmates may not "inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around themselves." *Woods*, 60 F.3d at 1166. Habeas relief based on Petitioner's claim of retaliation should therefore be denied. *See Peters*, 252 Fed. App'x at 706 (recognizing that a claim of retaliation, if true, may warrant the reversal of a prison disciplinary conviction).[2]

### III. EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

---

[2] To the extent that Petitioner is seeking damages based on a claim of retaliation, courts may only consider federal habeas petitions brought under 28 U.S.C. § 2254 on grounds that the petitioner is in custody in violation of the Constitution or federal laws. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973). A claim for monetary damages must be brought in a civil case filed under 42 U.S.C. § 1983, which "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).

## IV.  RECOMMENDATION

The request for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SIGNED on this 15th day of April, 2014.**

                IRMA CARRILLO RAMIREZ
                UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                IRMA CARRILLO RAMIREZ
                UNITED STATES MAGISTRATE JUDGE